# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DAVE HUGHES, | 1:09-cv-00921-DLB (HC) |
| Petitioner, | ORDER DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |
| v. | |
| H.A. RIOS, Jr., | [Doc. 9] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b). (Court Doc. 6.)

### BACKGROUND

Following a jury trial in the United States District Court for the Northern District of Illinois, Eastern Division, Petitioner was convicted of five counts of drug related offenses. On January 13, 1999, Petitioner was sentenced to life imprisonment. (Amended Petition, at 2.)

Petitioner appealed the judgment. On February 27, 2001, the United States Court of Appeals for the Seventh Circuit vacated the sentenced imposed for two counts and remanded for resentencing, but affirmed the judgment in all other respects.

Thereafter Petitioner filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct the Sentence in the United States District Court for the Northern District of Illinois. The motion was denied on January 12, 2004. (Amended Petition, at 4.)

Petitioner then filed a successive motion under section 2255 in the United States Court of Appeals for the Seventh Circuit, which was denied on April 21, 2009. (Amended Petition, at 4.)

Petitioner filed the instant petition for writ of habeas corpus on May 26, 2009. (Court Doc. 1.) Petitioner filed an amended petition on July 16, 2009. (Court Doc. 9.)

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Moore v. Reno, 185 F.3d 1054,

1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

      Petitioner has failed to demonstrate that the remedy under § 2255 is inadequate or ineffective, and it appears that he is attempting to utilize § 2241 as a supplement to § 2255. Petitioner acknowledges that he has previously filed a § 2255 motions in both the sentencing and appellate courts which were denied. Thus, it is clear that Petitioner has had an unobstructed opportunity to present his claims, and the fact that his claims has previously been rejected by the sentencing and appellate courts does not render such avenue inadequate or ineffective.  Aronson v. May, 85 S.Ct. at 5.  In addition, Petitioner has not stated whether he has sought permission to file a successive § 2255 motion.  It is possible that the motion would be granted in which case Petitioner would have another opportunity to present his claim in the proper forum.  Moreover, Petitioner has not established actual innocence as he challenges the validity of his sentence, not the underlying convictions.  Accordingly, there is not showing "it is more likely than not that no reasonable juror would have convicted him."  Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).  Therefore, the instant petition for writ of habeas corpus must be dismissed.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED; and
2. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated:   April 15, 2010                               /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE